IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AMERICAN WIRE GROUP, LLC,  )<br>                              )<br>    Plaintiff,              )<br>                              )<br>    v.                        )<br>                              )<br> OSS JPOW SOLAR SERVICES     )<br> LLC d/b/a Orbital Solar     )<br> Services,                   )<br>                              )<br>    Defendant.                ) | CIVIL ACTION NO.<br>2:23cv454-MHT<br>(WO) |

ORDER

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* The allegations must

---

* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of

show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The complaint here is insufficient because it does not properly indicate the citizenship of either the plaintiff or the defendant, both of which are said to be limited liability companies. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore "list the citizenships of all the members of the limited liability company." *Id*. If the LLC consists of several entities, the complaint must properly allege the citizenship, or citizenships, of each and every entity based on the nature of that entity. And if the LLC (or one of its members) has members who are individuals, the complaint must

---

the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

properly allege the citizenship, not merely the residence, of those individuals, as an allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995 (1971).

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until September 28, 2023, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 14th day of September, 2023.

                                           /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**